UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 24-cr-026(4) (ECT/LIB) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Anthony Lenard Green, | |
| Defendant. | |

---

Garrett S. Fields, U.S. Attorney's Office, Minneapolis, MN, for Plaintiff United States.

Jordan S. Kushner, Law Office of Jordan S. Kushner, Minneapolis, MN, for Defendant Anthony Lenard Green.

Magistrate Judge Leo I. Brisbois ordered the pretrial detention of Defendant Anthony Lenard Green and denied a motion to reopen the detention hearing. ECF Nos. 39, 115. Mr. Green appeals Judge Brisbois's detention order under 18 U.S.C. § 3145(b). ECF No. 119. The detention order will be reviewed de novo. *See United States v. Maull*, 773 F.2d 1479, 1481–82 (8th Cir. 1985) (en banc). Mr. Green's motion will be denied, and Mr. Green will remain detained pending trial.

I

On February 8, 2024, Mr. Green was charged with one count of conspiracy to distribute fentanyl and methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846. ECF No. 1. At his initial appearance, the Government moved for Mr. Green's detention and Judge Brisbois ordered Mr. Green temporarily detained. ECF No. 21. A detention hearing was held before Judge Brisbois on February 23, 2024, ECF No. 31, where Judge

Brisbois ordered Mr. Green detained pending trial. ECF Nos. 39, 103. Despite finding that Mr. Green had presented sufficient evidence to rebut the presumption of detention, Judge Brisbois concluded "that the Government has shown by a preponderance of the evidence that no condition or combination of conditions will reasonably assure [Mr. Green's] appearance at future court proceedings and shown by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community." ECF No. 39 at 3. At that detention hearing, Mr. Green's counsel noted that he had only recently been assigned to represent Mr. Green, leaving him insufficient time to obtain written statements to oppose the Government's detention motion. ECF No. 103 at 18.

On April 7, 2024, Mr. Green moved to reopen detention and for his release, submitting (1) sworn statements from neighbors and relatives living in Chicago; (2) medical records that document Mr. Green's father suffering from serious heart-related illnesses; (3) a sworn statement from Mr. Green's girlfriend, who lives with Duluth and is pregnant with his child; and (4) a sworn statement from a Chicago criminal defense attorney providing further detail about Mr. Green's criminal history. ECF Nos. 87–93. Judge Brisbois denied the motion, finding "nothing . . . that would change the Court's prior order." ECF No. 115 at 13.

Mr. Green now seeks review of the detention order under § 3145(b), arguing for release in consideration of the 18 U.S.C. § 3142(g) factors. Mr. Green contends that "[a] reasonable examination of the record cannot support the conclusions of the Magistrate

Judge that no condition or combination of conditions would reasonably assure Mr. Green's appearance at future court proceedings or the safety of the community." ECF No. 119 at 1.

II

Under 18 U.S.C. § 3145(b), a defendant may file "a motion for revocation or amendment of the [detention] order." The district judge's review of a detention order is de novo. *Maull*, 773 F.2d at 1481–82.

A court may order a defendant detained pending trial only if the court finds that no release condition or set of conditions will reasonably assure: (1) the defendant's appearance in court and (2) the safety of the community. *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (citing 18 U.S.C. § 3142(c), (e), and (f), and *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc)). Different evidentiary standards apply to these findings. The Government need only show by a preponderance of the evidence that no conditions will reasonably ensure the defendant's appearance at future proceedings, but it must show by clear and convincing evidence that no conditions will reasonably assure the community's safety. *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). The governing statute provides a list of factors to consider when deciding whether the Government has met these burdens: "(1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual." *Id.* (citing 18 U.S.C. § 3142(g)).

3

Relevant here, "it shall be presumed that no condition or combination of conditions will reasonably assure" the defendant's appearance and the safety of the community if the Court finds "probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A). The presumption is rebuttable by the defendant. 18 U.S.C. § 3142(e)(3). In a presumption case, the defendant "bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *Abad*, 350 F.3d at 797 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). "But a defendant who meets his burden of production does not entirely dispel the presumption; the presumption 'remains a factor to be considered among those weighed by the district court.'" *United States v. Lazzaro*, 21-cr-0173(1) (PJS/DTS), 2021 WL 5083978, at *1 (D. Minn. Nov. 2, 2021) (quoting *Abad*, 350 F.3d at 797). There is no dispute the presumption applies here.

Assuming Mr. Green rebutted this presumption, the better answer is that Mr. Green should be detained in view of the § 3142(g) factors and the record evidence.

(A) *The nature and circumstances of the crime.* Mr. Green has been charged with one count of conspiracy to distribute fentanyl and methamphetamine. ECF No. 1. The indictment charges that the conspiracy ran from December 2021 through February 2024. *Id.* If convicted, Mr. Green faces a mandatory minimum of ten years and a maximum sentence of life in prison. 21 U.S.C. § 841(b)(1)(A). Mr. Green's alleged involvement in the large-scale trafficking of fentanyl and methamphetamine is very serious. *United States*

4

*v. Hudson*, No. 20-cr-27 (SRN/DTS), 2021 WL 4352359, at *4 (D. Minn. Sept. 24, 2021) ("[D]anger to the community is evident from Hudson's alleged involvement in trafficking fentanyl, a highly dangerous drug."); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) ("[W]e recognize the congressional determination that large scale drug trafficking is a serious danger to the community.").

(B) *The weight of the evidence against the defendant.* The Government has made no showing as to the quantity or quality of evidence against Mr. Green.

(C) *The history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct.* Mr. Green has a significant criminal history. He pleaded guilty to manufacturing/distributing controlled substances in 2006, aggravated assault with a dangerous weapon in 2007, and unlawful possession of a firearm in 2008. ECF No. 33 at 2–3. In 2015 he was charged in Minnesota with being a fugitive from justice, and he was extradited to Illinois. *Id.* at 3. Later in 2015 he pleaded guilty to conspiracy to commit murder. *Id.* Judge Brisbois correctly found that this criminal history represents an uninterrupted period of violent crimes. ECF No. 39 at 3. Mr. Green's history of noncompliance with law enforcement—including violating conditions of bail, violating conditions of probation, and fleeing to Minnesota to avoid criminal prosecution—is also significant. ECF No. 33 at 2–3; *see, e.g.*, *United States v. Green*, No. 19-cr-103 (03) (MJD/ECW), 2020 WL 7425253, at *3 (D. Minn. Dec. 18, 2020).

Mr. Green does have some community ties to Chicago. ECF Nos. 88, 89. Mr. Green submits sworn statements from two cousins and a former police officer attesting to their

relationships with him and his character. ECF Nos. 88, 89. Mr. Green also takes care of his father, who lives in Chicago and suffers from multiple, serious, heart-related illnesses. ECF No. 88 ¶ 6; ECF No. 89 ¶ 7; ECF No. 93. Mr. Green requests that he be released to reside with his father. ECF No. 119 at 6. But these ties are not enough to mitigate the risk of flight or danger to the community. Mr. Green has no employment, so it is unclear how he would financially sustain himself while caring for his father if released. And Mr. Green's community ties and relationships in Chicago have not prevented his past crimes, noncompliance with law enforcement, or alleged participation in the conspiracy.

Mr. Green alternatively proposes being released to live with his girlfriend in Duluth. ECF No. 119 at 4–5. But Mr. Green's ties to Minnesota are limited. He has no family, friends, or place of residence in Minnesota, and only travels to Minnesota intermittently. His only connection to Minnesota is his girlfriend who is pregnant with his child.

(D) *The seriousness of the danger to the community or to an individual.* Judge Brisbois correctly found that Mr. Green poses a danger to the community. He has a history of weapons use, including most recently being convicted of conspiracy to commit murder. ECF No. 33 at 2–4; *United States v. Mitchell*, No. 14-cr-222 (PJS/JJK), 2014 WL 12696869, at *1 (D. Minn. July 23, 2014) ("Danger to the community is evident from the defendant's extensive and violent criminal history."). That the victim of the conspiracy to commit murder was not killed and other details uncovered by counsel's investigation into Mr. Green's criminal history do not undermine the conclusion that Mr. Green's criminal history shows he poses a danger to the community. Mr. Green's history of manufacturing and distributing controlled substances represents another danger to the community.

6

Fentanyl is a "highly dangerous drug." *Hudson*, 2021 WL 4352359, at *4. Mr. Green was previously convicted for manufacturing/distributing controlled substances, ECF No. 33 at 2, and is now alleged to have been involved in large-scale fentanyl and methamphetamine trafficking, ECF No. 1.

Mr. Green argues that "[t]he records shows that Mr. Green has not committed any criminal offenses, or even been accused of any criminal offenses from the time of his previous release from prison in 2019 and his arrest in connection with the instant case." ECF No. 119 at 5. But the alleged conspiracy to distribute fentanyl and methamphetamine began in 2021. ECF No. 1 at 1. The gap between 2019 and 2021, without more, does not undermine Mr. Green's history of violent crimes, controlled-substance distribution, and noncompliance with law enforcement.

Assuming Mr. Green has produced enough evidence to rebut the presumption that no condition or combination of conditions will reasonably assure his appearance or the community's safety, the presumption "remains a factor to be considered among those weighed by the district court." *Lazzaro*, 2021 WL 5083978, at *1 (citation omitted). When considering the presumption alongside the evidence and circumstances as discussed above, I find the Government has met its burden of showing by clear and convincing evidence that that no conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no conditions will reasonably ensure Mr. Green's appearance at future proceedings. Mr. Green will remain detained.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant Anthony Lenard Green's Appeal of Detention Order and Denial of Motion to Re-Open [ECF No. 119] is **DENIED**.

Dated: May 29, 2024

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court